# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN STOUT II,**
**Claimant Below, Petitioner**

**vs.)    No. 19-0314** (BOR Appeal No. 2053460)
(Claim No. 2018002461)

**ADVANTAGE SOLUTIONS,**
**Employer Below, Respondent**

**FILED**

July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Stout II, by Counsel William Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Advantage Solutions, by Counsel Noah Barnes, filed a timely response.

The issue on appeal is medical treatment. The claims administrator denied Mr. Stout's request for the authorization of physical therapy and custom insoles on July 17, 2018. On October 2, 2018, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated February 25, 2019, in which the Board of Review affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stout previously worked for Advantage Solutions as a retail sales representative. He was injured at work on July 19, 2017, when he was lifting a large bag of cat litter while working at Wal-Mart. A plastic strap broke on the box, and the box fell on Mr. Stout's right foot causing pain, swelling, bruising, and a limp. He filed an Employees' and Physicians' Report of Injury on August 2, 2017. The physician's section of the form was completed by Timothy Wilson, D.O., who diagnosed Mr. Stout with a nondisplaced fracture of the distal phalanx of the right great toe. Dr. Wilson checked the box indicating that the injury was an occupational injury, and he referred Mr. Stout to Michael Kovalick, D.O.

1

Mr. Stout treated with Dr. Kovalick for his injury. Dr. Kovalick thereafter completed a Physician's Report of Work Ability form dated August 9, 2017, indicating that he could return to work with restrictions from August 10, 2017, through August 31, 2017. Dr. Kovalick limited Mr. Stout's activity to mostly seated duty with occasional walking or standing. Mr. Stout was also ordered to rest his foot as much as possible. Advantage Solutions issued a letter dated August 11, 2017, indicating that Mr. Stout was approved for a leave of absence from August 9, 2017, through August 31, 2017. The claims administrator held the claim compensable for nondisplaced fracture of the distal phalanx of the right great toe by Order dated August 15, 2017.

Mr. Stout was seen at East Ohio Regional Medical Center on September 7, 2017, by Dr. Kovalick for a follow-up examination. Mr. Stout reported that he was still having pain and felt unsteady when climbing up or going down stairs. Dr. Kovalick stated that he was able to palpate the great toe without much difficulty and that Mr. Stout was able to flex and extend his toe. After reviewing the initial x-rays, Dr. Kovalick noted that he was having a difficult time seeing any fracture of the right great toe. Dr. Kovalick believed that it was not definite as to whether Mr. Stout ever had a nondisplaced fracture and, if so, it would have healed within the six weeks since the injury. Dr. Kovalick released Mr. Stout to return to work as of September 11, 2017, with the restrictions that he should not run, jump, squat, or climb.

Mr. Stout returned to work on September 14, 2017. The claims administrator suspended temporary total disability benefits on September 14, 2017, and noted that he had been released to return to work. Mr. Stout was able to work for several weeks. However, he was terminated on September 29, 2017, for violation of the employer's attendance policy.

A day before Mr. Stout's termination, he returned to Dr. Kovalick complaining of pain between his first and second metatarsal on his right foot, as well as some pain along the plantar surface of his foot. He also complained that his ankle felt unsteady. Dr. Kovalick noted no bruising or discoloration of Mr. Stout's foot. Dr. Kovalick also filled out a Physician's Report of Work Ability form and indicated that Mr. Stout could return to work with restrictions from September 28, 2017, through October 27, 2017. Dr. Kovalick referred Mr. Stout to Joseph H. Goodwin, DPM.

On October 2, 2017, the claims administrator issued a protestable Order informing Mr. Stout that it had received medical evidence to continue temporary total disability benefits. Temporary total disability benefits were continued after being suspended on September 14, 2017. On November 1, 2017, the claims administrator approved the request for a referral to Dr. Goodwin. X-rays read by James Patrizi, M.D., taken of Mr. Stout's right foot on November 10, 2017, were compared to the x-rays taken on July 27, 2017. There was no acute fracture, subluxation, dislocation, or bone destructions. Joint spaces were also found to be maintained.

Dr. Goodwin examined Mr. Stout on November 15, 2017, and he reported pain on palpation of the right hallux as well as moderate soft tissue swelling. The claims administrator authorized Dr. Goodwin as the treating physician of record by letter dated January 10, 2018. Dr. Goodwin requested physical therapy for three to four times a week for twelve weeks on February 28, 2018. The request for physical therapy was made to seek treatment for unspecified injury of unspecified lower leg, initial encounter, pain in right toes, and pain in the left. On March 14, 2018,

the claims administrator denied a request from Dr. Goodwin for physical therapy for three to four times a week for twelve weeks. Mr. Stout protested the claims administrator's decision.

On April 18, 2018, Mr. Stout underwent an independent medical evaluation with D. Kelley Agnew, M.D. Dr. Agnew evaluated Mr. Stout for his great toe fracture and noted that his left foot symptoms had improved, and he was awaiting physical therapy to help him function out of his boot. Dr. Agnew noted that there were no fracture lines in the films. Dr. Agnew stated that

> Mr. Stout continues to voice quite a few complaints. It must be realized that the pain and impairment complaints he voices are far out of proportion to any identifiable injury, far out of proportion to the time which has passed since his recognized injury, and far out of proportion to any finding. His reports of tenderness cannot be substantiated. There is certainly a strong component of nonorganicity in play.

Mr. Stout was wearing a boot on his left lower extremity and claimed that he was injured due to his right foot injury fracturing bones in his left foot. Dr. Agnew noted that all testing was negative and opined that there is no evidence of a lingering musculoskeletal injury or disease process which might be ascribed to the activities of July 19, 2017, for which medical treatment would be needed. Dr. Agnew found that Mr. Stout had reached his maximum degree of medical improvement and could return to work with no restrictions. Dr. Agnew also performed range of motion examinations and recommended 0% permanent partial disability resulting from the compensable injury.

Mr. Stout returned to Dr. Goodwin on July 9, 2018, for his ankle pain and his instability. Dr. Goodwin found that Mr. Stout continued to have pain in his right ankle joint area and pain in the first metatarsophalangeal joint going into the ankle. Dr. Goodwin diagnosed pain in the right ankle and joints of the right foot, unspecified injury of unspecified lower leg, pain in unspecified foot, and pain in unspecified toe(s). On July 11, 2018, Dr. Goodwin submitted a treatment plan which included sending Mr. Stout to Mason Rehabilitation Center for physical therapy on his right foot and for custom insoles. He was to return to Dr. Goodwin in four weeks.

On July 17, 2018, the claims administrator denied authorization of physical therapy at Mason Rehabilitation Center and custom insoles, as requested by Dr. Goodwin. Mr. Stout protested the claims administrator's ruling. By letter to the claims administrator dated September 6, 2018, Dr. Wilson wrote, "[t]his letter is to notify you that John Stout is my patient and he may not return to work until after he has had a physical therapy evaluation and treatment of his feet, his cervical spine, and lumber spine." In his protest, Mr. Stout argued that his treating physician has opined that returning him to the work force requires physical therapy.

In a decision dated October 2, 2018, the Office of Judges concluded that Mr. Stout failed to establish by a preponderance of the evidence that he is entitled to authorization for physical therapy for his right foot and ankle or for custom insoles. The Office of Judges found that the right ankle has not been made a compensable component of the claim. Also, the Office of Judges concluded that Mr. Stout has not shown a need for physical therapy or custom insoles to treat his compensable injury. Although Dr. Goodwin opined that physical therapy was necessary, the Office

of Judges concluded that his opinion does not preponderate over Dr. Agnew's opinion that there is no evidence of a lingering musculoskeletal injury or disease process for which medical treatment would be required. Accordingly, the Office of Judges affirmed the July 17, 2018, Order of the claims administrator which denied the request for physical therapy and custom insoles. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 25, 2019.

After review, we agree with the decision of the Board of Review. The preponderance of the medical evidence does not establish that the requested physical therapy and custom insoles are necessary to treat the compensable conditions in this claim. The only documentation in evidence that addresses the need for additional medical treatment is the independent medical evaluation of Dr. Agnew, who opined that no further treatment was needed for Mr. Stout's workplace injury. Mr. Stout has failed to carry the burden of proving that his request for physical therapy and custom insoles is medically related and reasonably required to treat his compensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED: July 9, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison